United States District Court
Southern District Of Texas
FILED

FEB 28 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas

**ENTERED**
February 28, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| **HAROLD VINCENT AUZENNE** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:19-CV-00144 |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division** § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 8, 2019. (Dkt. No. 1). Petitioner does not challenge his conviction, but rather challenges denial of his release from state confinement to mandatory supervision, which would allow him to serve the remainder of his sentence on supervision. This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

On November 12, 2019, Respondent filed a motion for summary judgment, asserting that Petitioner's claims are unexhausted under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that the claims fail on the merits. (Dkt. No. 8). Petitioner filed a response on November 22, 2019. (Dkt. No. 10). In a letter received on January 21, 2020, Petitioner informed the undersigned that on January 23, 2020, he would be released from state prison to mandatory supervision. (Dkt. No. 11).

After a careful review of the record and relevant law, the undersigned concludes that the District Court lacks jurisdiction in this case due to Petitioner's release from confinement. For the

reasons discussed further below, the undersigned respectfully recommends that Respondent's motion for summary judgment (Dkt. No. 8) be **DENIED** as unnecessary, and that Petitioner's § 2254 motion (Dkt. No. 1) be **DISMISSED** as moot. It is further recommended that a Certificate of Appealability be **DENIED** and that the case be closed.

## I. BACKGROUND AND PROCEDURAL HISTORY

On July 17, 1990, a grand jury in El Paso County, Texas returned an indictment charging Petitioner with forgery after having two previous felony convictions, in violation of Texas Penal Code 32.21. (Dkt No. 9-5 at 5-10). On September 5, 1990, Petitioner pleaded guilty and was sentenced to twenty-five years of confinement in the Texas Department of Criminal Justice ("TDCJ"). (Dkt. No. 9-5 at 14-16). Between 1990 and the filing of the instant federal habeas motion, Petitioner would repeatedly be released to supervision for his 1990 forgery offense, and subsequently have his supervision revoked. The following reflects the dates on which Petitioner was released to supervision, either through parole or mandatory supervision,[1] and the corresponding dates on which his supervision was revoked:

---

[1] Under Texas law, there are two ways in which a state prisoner becomes eligible for early release from confinement. The first is by "parole" and the second is by release to "mandatory supervision." Parole is the "discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code Ann. § 508.001(6). Mandatory supervision is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id.* at § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, except under certain circumstances, "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147. Before the Texas legislature amended the mandatory supervision statute in 1996, the Board would "automatically" release an inmate when his actual calendar time served plus any good conduct time accrued equaled the term to which he was sentenced. *Ex parte Geiken*, 28 S.W. 3d 553, 555 (Tex. Crim. App. 2000). Under the amended, post-1996 version of the statute, a prisoner who is otherwise eligible for release to mandatory supervision can nevertheless be discretionarily denied release if the Board determines that his "accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and the inmate's release would endanger the public." *Id.* at § 508.149(b) (cleaned up).

| Type of Supervision | Released to Supervision | Supervision Revoked |
|---|---|---|
| Parole | 5/24/1995 | 5/22/1997 |
| Parole | 2/19/2003 | 11/4/2003 |
| Parole | 11/28/2007 | 5/22/2009 |
| Parole | 11/13/2012 | 10/29/2013 |
| Parole | 6/3/2015 | 12/6/2016 |
| Mandatory Supervision | 11/13/2017 | 7/11/2018 |

(Dkt. No. 8-1 at 3-4).[2]

While released to mandatory supervision in 2018, Petitioner was convicted of possession of a controlled substance and unauthorized use of a vehicle. (*Id.* at 10). On June 21, 2018, Petitioner received two separate two-year sentences for each offense. (*Id.*). On July 11, 2018, Petitioner's mandatory supervision was revoked. (*Id.* at 10-11). Petitioner's mandatory supervision eligibility date for his forgery conviction is now currently January 23, 2019. (Dkt. Nos. 9-5 at 42). He is not eligible for discretionary mandatory supervision for his 2018 convictions until March 8, 2019. (*Id.*).

Petitioner filed a state habeas petition on January 10, 2019. (Dkt. No. 9-5 at 34). The Texas Court of Criminal Appeals denied Petitioner's state habeas application without written order on February 20, 2019. (Dkt. No. 9-3 at 1). Petitioner filed the instant § 2254 petition on April 8, 2019. (Dkt. No. 1 at 10).[3] On November 12, 2019, Respondent filed a motion for summary

---

[2] These entries do not reflect the instances when Petitioner was arrested on a pre-revocation warrant that was later withdrawn without formal revocation of parole.

[3] This date is taken from Petitioner's signature block. (Dkt. No. 1 at 10). "[P]ro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed filed as soon as the pleadings have been deposited into the prison mail system." *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

judgment, asserting that Petitioner's claims are unexhausted and that the claims fail on the merits. (Dkt. No. 8). The undersigned received a response from Petitioner on November 29, 2019. (Dkt. No. 10). In a letter received on January 21, 2020, Petitioner informed the undersigned that on January 23, 2020, he would be released from state prison to mandatory supervision. (Dkt. No. 11).[4]

## II. SUMMARY OF THE PLEADINGS

The undersigned understands Petitioner to argue that his continued confinement is illegal because he is entitled to have been released from confinement to mandatory supervision on January 23, 2019. (Dkt. No. 9-5 at 48).[5] Essentially, Petitioner believes that mandatory supervision eligibility as to his 1990 conviction requires release from confinement as to all his convictions. As Petitioner explained in his supplemental pleading, he is "contending that since [his] old conviction under TDCJ-ID # 567733 [for forgery] supersedes the lesser conviction, the Mandatory Supervision scheme is controlling." (Dkt. No. 10 at 1-2).[6]

---

[4] The undersigned has verified that Petitioner is no longer confined by the TDCJ. "Only offenders who are currently incarcerated in a TDCJ facility are included in the online search." Texas Department of Criminal Justice Offender Information Search, https://offender.tdcj.texas.gov/OffenderSearch/start.action (last visited February 28, 2020).

[5] This Court construes Petitioner's federal habeas petition liberally. *See Hanes v. Kerner*, 404 U.S. 519 (1972) (Pro se pleadings are construed liberally). To this end, this Court separately notes that Petitioner's state habeas application will be referenced when construing his federal claims because he included a memorandum in support of his state habeas application, but not his federal habeas application. (*See* Dkt. No. 9-5 at 47).

[6] As previously noted, the undersigned concludes that the District Court lacks jurisdiction over this action, and the undersigned will thus not reach the merits of Petitioner's claims. The undersigned does note, however, that Petitioner is correct that the pre-1996 mandatory supervision statute would require his immediate release from confinement to mandatory supervision for his 1990 forgery conviction *if no other convictions authorized his continued confinement. See Ex parte Schroeter*, 958 S.W.2d 811, 813 (Tex. Crim. App. 1997) (holding that "persons convicted of indecency with a child committed before May 23, 1997, must be released on mandatory supervision once their actual time served, plus good and work time credits, equal the sentence assessed."); Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c) (1993). However, the record shows that Petitioner is currently being confined for offenses in addition to his forgery conviction, including 2018 convictions for unauthorized use of a vehicle and possession of a controlled substance. (Dkt. No. 8-1 at 3). Petitioner has not shown, nor does he allege, that he is entitled to release

Respondent argues that the instant § 2254 petition should be dismissed, as at least some of his claims are unexhausted and procedurally barred. (Dkt. No. 8 at 4-9). Alternatively, Respondent argues that Petitioner's claims are without merit, as he does not raise a federal constitutional violation. (*Id.* at 15-19). After Respondent's motion to dismiss was filed, Petitioner was released from prison. (Dkt. No. 11). Respondent did not have the opportunity to address how Petitioner's release from confinement affects his current habeas petition.

### III. JURISDICTION

A court must examine whether it has jurisdiction over the subject matter of this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The United States Supreme Court has explained that a habeas petition becomes moot and must be dismissed if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Although a petition for a writ of habeas corpus is not automatically moot when a petitioner is released from prison, it is moot when "the main thrust of the petition is to be released from confinement," and petitioner is subsequently released. *Bailey v. Southerland*, 821 F.2d 277, 278

---

from confinement to mandatory supervision for his 2018 offenses; nor could he, as his 2018 convictions are subject to the *discretionary* mandatory supervision statute. Thus, Petitioner's reliance on *Schroeter* and the pre-1996 mandatory supervision statute is misplaced. (*See* Dkt. No. 9-5 at 48) (Petitioner's state habeas brief citing *Schroeter* and the pre-1996 mandatory supervision statute). In fact, the *Schroeter* court notes that its holding is applicable "[p]rovided there are no other convictions or warrants authorizing [a person's] continued confinement . . . . " *Schroeter*, 958 S.W.2d at 813 n.4. This is in accordance with previous interpretations of the mandatory supervision statute. *See Ex parte Ruthart*, 980 S.W.2d 469, 473 (Tex. Crim. App. 1998) (noting that the mandatory supervision statute operates to keep an inmate who is serving consecutive or concurrent sentences "incarcerated for the longest amount of time."); *see also Ex parte Alexander*, 861 S.W.2d 921 (Tex. Crim. App. 1993) (superseded by statute) ("Common sense dictates that when a person is convicted of a subsequent offense, he may not be released any earlier than the date appropriate for the subsequent offense.").

(5th Cir.1987); *see also Lane v. Williams*, 455 U.S. 624, 631 (1982). (finding that when a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined).

The federal district courts in Texas to address the issue have come to the same conclusion: the claims of a federal habeas petitioner who argues that he should be released to mandatory supervision become moot when petitioner is subsequently released from confinement. Illustrative here is the reasoning of the District Court for the Northern District of Texas when it dismissed as moot a federal habeas petition similar to the instant petition, reasoning that

> petitioner does not attack the validity of any conviction. He simply contends that he has been denied release on mandatory supervision. Subsequent to the filing of his federal petition, he has been released. He has thus obtained the relief sought. Accordingly, his petition is moot and this Court lacks subject matter jurisdiction over this action.

*Chudej v. Cockrell*, No. 3:01-CV-0686-P, 2002 WL 1878576, at *2 (N.D. Tex. Aug. 12, 2002); *accord Klossner v. Cockrell*, No. 3-03-CV-0862-D, 2003 WL 22005918, at *1 (N.D. Tex. Aug. 21, 2003); *accord Gunn v. Dir., TDCJ-CID*, No. CIV.A. 6:08CV485, 2009 WL 152701, at *1 (E.D. Tex. Jan. 20, 2009); *accord Minor v. Dir., TDCJ-CID*, No. 6:19CV251, 2019 WL 7790437, at *2 (E.D. Tex. Dec. 30, 2019), *report and recommendation adopted*, No. 6:19CV251, 2020 WL 475444 (E.D. Tex. Jan. 28, 2020).

Petitioner's federal habeas petition similarly argues that he is entitled to be released from confinement to mandatory supervision. (Dkt. No. 1 at 6-7). Petitioner has subsequently been released. (Dkt. No. 11). Petitioner has obtained the relief he sought by filing his federal habeas petition, and thus, his petition is moot, and the District Court lacks subject matter jurisdiction over this action.[7]

---

7 The fact that Petitioner was sentenced under the pre-1996 mandatory supervision statute does not change this result. *See Diez v. Stephens*, No. EP-14-CV-299-DCG, 2015 WL 4231145, at *4 (W.D. Tex. July 10,

As noted above, Petitioner does not challenge the validity of his underlying conviction in this case. Rather, he complains only that prison officials have erred in the administration of his sentence with regard to his release from confinement to mandatory supervision. Because Petitioner has been released to mandatory supervision, there is no longer anything for a court to remedy. In other words, he cannot show that an actionable controversy continues in this case. Absent a case or controversy, the District Court no longer has jurisdiction to consider Petitioner's claims. Therefore, his petition must be dismissed as moot.

## IV. CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned respectfully recommends that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** as moot and that Respondent's motion for summary judgment (Dkt. No. 8) be **DENIED** as unnecessary. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### *Certificate of Appealability*

It is recommended that the District Court **DENY** a Certificate of Appealability ("COA").

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2254 Proceedings. Because it is recommended

---

2015) (finding that petitioner's claim that "TDCJ officials unlawfully confined him . . . after he became eligible for mandatory supervision" for an offense committed in 1982 was moot because petitioner was already released to mandatory supervision).

that Petitioner's § 2254 motion be dismissed, the undersigned must address whether he is entitled to a COA.

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 28th day of February 2020, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge