UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HAROLD VINCENT AUZENNE, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:19-CV-00144 |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Petitioner Harold Vincent Auzenne's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which had been referred to the Magistrate Court for a report and recommendation. On February 28, 2020, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's motion for summary judgment be **DENIED** as moot, that the § 2254 petition be **DENIED** as moot, and that this civil action be **DISMISSED** without prejudice for lack of jurisdiction. It was further recommended that a Certificate of Appealability be **DENIED**. The time for filing objections has passed and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, Respondent's motion for summary judgment is **DENIED** as moot, the § 2254 petition is **DENIED** as moot, and this civil action is **DISMISSED** without prejudice for lack of jurisdiction. Finally, a Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of April, 2020.

Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Douglas v. United States Service Auto. Ass'n*, 79 F.3d 145, 1420 (5th Cir. 1996) (quoting Fed. R. Civ. P. 72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in ACS Recovery Servs., Inc. v. Griffin*, No. 11-40446, 2012 WL 1071216, at *7 n. 5 (5th Cir. April 2, 2012).